IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSHUA JOHN MARANEY,

      Plaintiff,

    v.

THE COMMONWEALTH OF
PENNSYLVANIA et al.

      Defendants.

2:26-CV-00353-CCW-MPK

## ORDER

This case has been referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On May 4, 2026, the Magistrate Judge issued a Report (the "R&R"), ECF No. 6, recommending that the Complaint, ECF No. 5, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous because Plaintiff lacks standing. The R&R further recommended that dismissal be with prejudice and without leave to amend with respect to Plaintiff Joshua Maraney, but without prejudice to non-party Douglass McDaniels proceeding in his own right at a new cause of action, if he wishes to do so. *See* ECF No. 6. Service of the R&R was made on the parties, and Mr. Maraney has filed objections. ECF No. 7.

After a *de novo* review of the pleadings and documents in the case, together with the R&R and the objections thereto, IT IS HEREBY ORDERED that the Complaint is DISMISSED and the R&R, ECF No. 6, is ADOPTED IN PART as the Opinion of the Court and REJECTED IN PART, as follows:

1.      The Court adopts the recommendation to dismiss Mr. Maraney's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous because Plaintiff lacks standing.

2.      The Court rejects the recommendation that the dismissal be with prejudice. Because the basis for the dismissal is Mr. Maraney's lack of standing, the dismissal will be without prejudice. *See Ellison v. Am. Bd. of Orthopaedic Surgery*, 11 F.4th 200, 209 (3d Cir. 2021) ("Because the absence of standing leaves the court without subject matter jurisdiction to reach a decision on the merits, dismissals 'with prejudice' for lack of standing are generally improper.") (quoting *Cottrell v. Alcon Labs.*, 874 F.3d 154, 164 n.7 (3d Cir. 2017)).

3.      The Court adopts in part and rejects in part the recommendation that amendment would be futile, as follows.  To the extent Plaintiff seeks to bring claims pursuant to 42 U.S.C. § 1983 on behalf of another person, amendment would be futile and leave to amend such claims is denied. *See Beaty v. Delaware Cnty.*, No. CV 21-1617, 2023 WL 5423020, at *3 (E.D. Pa. Aug. 10, 2023) ("A § 1983 plaintiff 'cannot sue for the deprivation of another's civil rights.'") (quoting *O'Malley v. Brierley*, 477 F.2d 786, 789 (3d Cir. 1973)). Similarly, to the extent Mr. Maraney seeks to bring criminal charges against any Defendant, amendment would be futile and leave to amend any such charges is denied. *See Mikhail v. Kahn*, 991 F. Supp. 2d 596, 667 (E.D. Pa.), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) ("[Plaintiff], as a private individual, cannot initiate a criminal action or compel the state or federal authorities to bring one."). While it does not appear to the Court that the Complaint contains any other viable claims, the Court agrees with the Magistrate Judge that the Complaint is not particularly clear.  Thus, out of an abundance of caution, the Court grants leave to amend as to the remainder of the claims brought in the Complaint.

IT IS FURTHER ORDERED that Mr. Maraney shall file any amended complaint by **June 25, 2026**. Any amended complaint may include only claims asserted in the original Complaint and may not include new claims.

DATED this 8th day of June, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via U.S. Mail):

Joshua John Maraney
1122255
Greene County Jail
855 Rolling Meadows Road
Waynesburg, PA 15370