**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSHUA JOHN MARANEY, | ) | Civil Action No. 2:26-353 |
| Plaintiff, | ) | |
| v. | ) | District Judge Christy Criswell Wiegand<br>Magistrate Judge Maureen P. Kelly |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | ) | Re: ECF No. 10 |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

## I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the so-called "Remedied Complaint," ECF No. 10, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. Dismissal should be without prejudice to Douglas McDaniel proceeding in his own right at a new cause of action, if he wishes to do so, and with prejudice as to Joshua John Maraney ("Maraney").

## II. REPORT

Maraney currently is detained at the Greene County Jail in Waynesburg, Pennsylvania. Maraney is a recent and prolific filer of frivolous lawsuits in this Court, and has been banned from proceeding *in forma pauperis* in future cases unless he can show imminent danger of serious physical injury to himself. See Civil Action No. 26-704, ECF Nos. 5 and 7.

On May 4, 2026, the undersigned issued an initial Report and Recommendation recommending that all claims raised in the initial Complaint, ECF No. 5, be dismissed with prejudice with respect to Maraney, but without prejudice to McDaniel proceeding in his own right at a new cause of action, ECF No. 6. The bases for that Recommendation were that Maraney lacked standing to raise claims for violations of McDaniel's constitutional rights in which Maraney

had no personal involvement, and that Maraney had failed to establish next-friend status. Id. at 5 and 6. The initial Report and Recommendation is incorporated by reference herein.

On June 8, 2026, District Judge Wiegand issued an Order adopting the initial Report and Recommendation in part, and rejecting it in part. ECF No. 9 at 1. Judge Wiegand agreed that Plaintiff lacked standing, but rejected dismissal with prejudice. Id. (quoting Ellison v. Am. Bd. of Orthopeadic Surgery, 11 F.4th 200, 209 (3d Cir. 2021) ("Because the absence of standing leaves the court without subject matter jurisdiction to reach a decision on the merits, dismissals 'with prejudice' for lack of standing are generally improper.")). Maraney was granted leave to file an amended complaint. Id. at 3.

Maraney submitted his "Remedied Complaint" on June 15, 2026, in which he seeks the filing of federal criminal charges against Defendant Detective Timothy Gilbert based on Gilbert's involvement in state criminal proceedings at Nos. MJ-13303-CR-195-2024 and CP-30-CR-44-2025. ECF No. 10 at 1 and 3-4. The Remedied Complaint lacks detailed allegations of fact; however, a review of public state court records reveals that both of those proceedings involve Douglas McDaniel – and not Maraney. See Docket, Com. v. McDaniel, No. MJ-13303-CR-195-2024 (available at https://ujsportal.pacourts.us/Report/MdjDocketSheet?docketNumber=MJ-13303-CR-0000195-2024&dnh=zLFSTwL8xxXvmz4xfwivoA%3D%3D (last visited Sept. 29, 2026)). See also Docket, Com. v. McDaniel, No. CP-30-CR-44-2025 (available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-30-CR-0000044-2025&dnh=4EfqypvITWOd6GhHOzI%2BWA%3D%3D (last visited Sept. 29, 2026)).

Maraney's Remedied Complaint fails to cure the deficiencies of his initial Complaint. As explained in the initial Report and Recommendation, ECF No. 6, he lacks standing to proceed as the plaintiff in a case asserting constitutional violations allegedly suffered by another individual,

and which do not involve him personally. Moreover, Maraney, as a *pro se* inmate who is not an attorney, may not represent another inmate in federal court. Cahn v. United States, 269 F. Supp. 2d 537, 547 (D.N.J. 2003); Caputo v. Fauver, 800 F. Supp. 168, 170 (D.N.J. 1992); Osei-Afriye v. Medical College of Pa., 937 F.2d 876, 883 (3d Cir .1991); Collingru v. Palmyra Bd. of Educ., 161 F.3d 225, 232 (3d Cir.1998) (overruled in part on other grounds, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516, 535 (1994). It is simply plain error to permit a *pro se* inmate litigant to represent fellow inmates. Whalen v. Wiley, No. 06-809, 2007 WL 433340 *2 (D. Colo. Feb. 1, 2007).

Furthermore, as Maraney is well-aware from the resolution of similar claims in his other cases, only the United States Attorney may file criminal charges in federal court. See, e.g., United States v. Panza, 381 F. Supp. 1133, 1133-34 (W.D. Pa. 1974).

Thus, while the undersigned is cognizant of Judge Wiegand's reasoning in her Order dated June 8, 2026, ECF No. 9, the law is clear that Maraney may not proceed with the claims that he has raised in his Remedied Complaint, and any leave to amend would be futile. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (a plaintiff should be given opportunity to amend a deficient civil rights complaint unless doing so would be inequitable or futile). Therefore, this case should be dismissed with prejudice as to Maraney. See, e.g., Credico v. Unknown Off. for U.S. Drone Strikes, 537 F. App'x 22, 23 (3d Cir. 2013) (affirming dismissal for lack of standing without leave to amend where amendment would be futile). That said, dismissal should be without prejudice to Douglas McDaniel proceeding in his own right at a new cause of action, if he wishes to do so.

It is important to underscore that this is not a ruling on the merits of any claim that McDaniel might bring based on the sparse facts that Maraney alleges. Indeed, recommendation

that this case should be dismissed ***without prejudice*** to McDaniel proceeding in his own right emphasizes that fact. However, the law is clear that Maraney simply may not bring these claims on McDaniel's behalf, or insert himself as the plaintiff here. Any leave for Maraney to file yet another amended complaint would be futile; and is likely to be abused given Maraney's litigation history. See Civil Action No. 26-704, ECF Nos. 5 and 7. Therefore, this Court should foreclose that opportunity, and dismiss this case ***with prejudice*** to Maraney's further involvement in McDaniel's claims. See, e.g., Credico v. Unknown Off. for U.S. Drone Strikes, 537 F. App'x 22, 23 (3d Cir. 2013) (affirming dismissal for lack of standing without leave to amend where amendment would be futile).

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Remedied Complaint, ECF No. 10, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. Dismissal should be with prejudice with respect to Maraney, but without prejudice to Douglas McDaniel proceeding in his own right at a new cause of action, if he wishes to do so.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Date: September 29, 2026

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Christy Criswell Wiegand
United States District Judge

Joshua John Maraney
1122255
Greene County Jail
855 Rolling Meadows Road
Waynesburg, PA 15370